IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL PABÓN, SR., GABRIEL PABÓN, JR., ERIC J. PABÓN, MIGUEL A. PABÓN<br><br>Plaintiffs<br><br>v.<br><br>US AIRWAYS, ITS INSURANCE COMPANY, JOHN DOE, JANE AND THEIR CONJUGAL PARTNERSHIP, INSURANCE COMPANIES A, B,C<br><br>Defendants | CIVIL NO. 12-1695 (PG)<br><br><br><br>TORTS |

**ORDER**

Before the Court is plaintiffs' request that the matters contained in a Request for Admissions served on defendants on November 20, 2012, (hereinafter the "Request for Admissions"), be deemed admitted for defendants' failure to comply with Fed. R. Civ. Proc. 36(a)(3) (Docket No. 10). Co-defendant US AIRWAYS opposed the request through an "Opposition to Plaintiffs' Motion for Partial/Interlocutory Summary Judgment" (Docket No. 11) and an "Informative Motion and Request to Withdraw Admissions Under Rule 36(b)" (Docket No. 15).

Rule 36(a)(1) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Pursuant to Rule 36(a)(3), if the party does not serve on the requesting party a signed, written answer or objection within 30 days after being served, the matter is admitted. Rule 36(a)(3) also provides that the parties may stipulate a shorter or longer time for responding under Rule 29.[1]

The Court may permit withdrawal or amendment of the matters admitted under said rule "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would

---

[1] Fed. R. Civ. Proc. 29 provides that the parties may stipulate other procedures governing or limiting discovery such as extending the time for any form of discovery unless such an extension would interfere with the time set for completing discovery, hearing a motion or for trial, in which case, court approval is required.

prejudice the requesting party in maintaining or defending the action on the merits." See, Fed. R. Civ. Proc. 36(b).

Defendants were served with the Request for Admissions on November 20, 2013. See, Docket No. 10, Exhibits II and III. The parties allegedly convened to extend the term for submitting the answers to the Request for Admissions until February 20, 2013. Even after the deadline had passed, plaintiffs sent an email to defendants' attorneys dated February 25, 2013, requesting the answers. See, Exhibit 2 to Docket No. 11. It wasn't until March 8, 2013 that defendants admittedly notified the responses.

Even though Rule 36(a)(3) allows the parties to an action to extend the time for discovery, it is no less true that defendants failed to comply with the deadlines and served their responses even after plaintiffs filed their Motion for Partial/Interlocutory Summary Judgment (Docket No. 10).

Moreover, the Court is not persuaded by defendants' assertions that there was a change of legal representation and that US Airways needed time to locate the employees that had personal knowledge of the facts averred in the Complaint. Defendants could have requested a further extension from the Court or could have agreed with plaintiff to extend the deadline.

Also unpersuasive is defendants' claim that they cooperated at all times with discovery efforts. The fact that the parties had agreed to hold a meeting to discuss discovery requests does not toll the term for responding to the Request for Admissions.

Defendants also aver that since plaintiffs never filed a motion to compel under Fed. R. Civ. Proc. 37, they waived their right to compel the responses to the Request for Admissions. Defendant's legal contention finds no support in statute or case law. As previously mentioned, Rule 36(a)(3) provides that if the party does not serve on the requesting party a signed, written answer or objection within 30 days after being served, the matter is admitted. The Rule does not require a party to file a Motion to Compel in order for its provisions to operate.

Furthermore, the case that defendants cite for support, Helfland v. Gerson, 105 F.3d 530 (9th Cir. 1997), does not share a factual background with the instant case and its ruling in no way purports to require a party to bring a motion to compel in order to deem admitted matters contained in a Request for

Admissions. Instead, <u>Helfland</u> deals with the failure of the plaintiff in the action to bring a motion to compel when the defendant raised a privilege to abstain from responding to a subpoena *duces tecum*. The Court determined that plaintiff's failure to bring a motion to compel production was a waiver of its objection to the assertion of the privilege. Evidently, the <u>Helfland</u> ruling has no bearing on the controversies before this Court.

Taking into consideration the matters asserted and applying the provisions of the Rules of Federal Civil Procedure, this Court deems admitted the matters asserted in the Request for Admissions. Plaintiffs' request is thus **GRANTED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 22nd day of April, 2013.

                                                S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                                JUAN M. PEREZ GIMENEZ
                                                UNITED STATES DISTRICT JUDGE