IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL PABÓN, SR., GABRIEL PABÓN, JR., ERIC J. PABÓN, MIGUEL A. PABÓN<br><br>Plaintiffs<br><br>v.<br><br>US AIRWAYS, ITS INSURANCE COMPANY, JOHN DOE, JANE AND THEIR CONJUGAL PARTNERSHIP, INSURANCE COMPANIES A, B,C<br><br>Defendants | CIVIL NO. 12-1695 (PG)<br><br><br><br>TORTS |

**ORDER**

On April 22, 2013 this Court entered an Order deeming as admitted the matters contained in a Request for Admissions served on co-defendant US Airways on November 20, 2012 for defendants' failure to comply with Fed. R. Civ. P. 36(a)(3)[1]. (Docket No. 19). Co-defendant US Airways promptly requested reconsideration of the decision and relief from such Order. In its "Motion for Reconsideration of and Relief from Order under Fed. R. Civ. P. 60(b)(2) and to Request Leave for Withdrawal of Admissions Under Fed. R. Civ. P. 36(b)" (Docket No. 22), US Airways asked the Court for leave to withdraw admissions number 7 and 12 because "new testimonial evidence, obtained after the term to answer the request for admissions had expired" stands inapposite the matters asserted in the Request for Admissions number 7 and 12. See, Docket No. 22, pg. 2.

US Airways premises its request for withdrawal of the admissions on Fed. R. Civ. P. 36(b) under which a matter admitted pursuant to Rule 36(a)(3) is conclusively established unless the Court, at a party's request, allows the admission to be withdrawn or amended. See, Fed. R. Civ. P. 36(b). Thus, notwithstanding the automatic effect of the time limitations in Rule 36(a), the court is given some discretion in Rule 36 to make exceptions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or

---

[1] Rule 36(a)(1) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Pursuant to Rule 36(a)(3), if the party does not serve on the requesting party a signed, written answer or objection within 30 days after being served, the matter is admitted.

defending the action on the merits." See, Fed. R. Civ. P. 36(b). The First Circuit has expressed that the analysis of whether it is appropriate to permit withdrawal of the admissions is "guided by the purposes of the Rule, as explicated by the advisory committee's note." Farr Man & Co., Inc. v. M/V Rozita, 903 F.2d 871 (1st Cir. 1990). Furthermore, "[t]his provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Id.

US Airways relies on the deposition testimony of plaintiff Miguel A. Pabón (hereinafter "Pabón") to support its argument that several statements made by Pabón directly contradict the matters admitted through admissions Num. 7 and 12,[2] which relate to one of the central elements in dispute in this case, namely, whether plaintiff María García (hereinafter "García") received instructions from an employee in charge of wheelchair assistance to step off a cart where she was being transported and cross the revolving doors at the Luis Muñoz Marín International Airport (hereinafter the "Airport") on her own. US Airways asserts that if the two admissions are not withdrawn, defendants would be conceding "the core elements of [their] case." See, Docket No. 22 at ¶16.

Admission No. 7 reads as follows: "Admit, based in your personal knowledge or in the documentary evidence already in your possession, or in possession of your legal representation, that upon arriving to the abovementioned revolving door, María was instructed to step down of the 'cart' and to cross the revolving door on her own feet." See, Admission No. 7, Exhibit III to Docket No. 10.

Similarly, Admission No. 12 states: "Admit, based in your personal knowledge or in the documentary evidence already in your possession, or in possession of your legal representation, that following the instructions provided to Maria by the wheelchair assistance personnel, Maria tried to go across the revolving door at the Luis Muñoz Marín International Airport." See, Exhibit III to Docket No. 10.

US Airways posits that the Court should allow it to withdraw the two admissions because to allow them would amount to "conceding the core elements of Plaintiffs case regarding the alleged reason why Ms. García supposedly cross the revolving door walking instead of waiting for the assistance of the wheelchair assistant." [sic] (Docket No. 22 at ¶16). Further, US Airways concludes that allowing the withdrawal of the admissions "would benefit the presentation of the merits of the case." (Docket No. 22 at ¶17).

---

[2] Pabón was present with plaintiff María Ramos (hereinafter "Ramos"), on August 25, 2011 when she suffered the accident at the Luis Muñoz Marín International Airport that plaintiffs claim ultimately led to her death. He was arguably the only family member that was accompanying Ms. Ramos when the events that give rise to the Complaint took place.

A glance at the admissions suffices to conclude that both go to the heart of one of the main contested issues in this case, whether Ms. García received specific instructions to step off the cart and cross the revolving door at the Airport. Accordingly, US Airways has satisfied this Court that withdrawal of the admissions would promote the presentation of the merits because the matters deemed admitted are determinative of material facts in issue. As a result, the first half of the test set forth in Rule 36(b) is clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the case on its merits. See, Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192, 193 (D.Conn. 1976).

We thus turn to whether plaintiffs satisfied their burden of demonstrating prejudice to its ability to maintain the action. Prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Sigel v. Allstate Life Ins. Co., 1995 WL 98240 *5 (1st Cir. 1995) (citing Brook Village N. Associates v. General Elec.Co., 686 F.2d 66, 70 (1st Cir. 1982)). There was no "sudden need" for plaintiffs to obtain evidence here. US Airways attempted to withdraw its admissions on May 2, 2013, this was before the pretrial conference was even scheduled. Therefore, no prejudice is shown as to plaintiffs' ability to maintain the action if the admissions are withdrawn.

Moreover, plaintiffs oppose co-defendant US Airways' request on the basis that the motion was filed pursuant to Fed. R. Civ. P. 60(b)(2). That is to say, plaintiffs challenge the procedural grounds on which US Airways anchors its request for withdrawal of the admissions. Nevertheless, US Airways clearly stated in its Motion that the relief sought was premised on both Rule 36(b) and 60(b)(2). See, Docket No. 22 at ¶2. As previously mentioned, Rule 36 provides for withdrawal or amendment of the matters admitted under said rule. See, Fed. R. Civ. P. 36(b). Thus, Rule 36(b) is precisely the procedural mechanism for requesting withdrawal of matters admitted under Rule 36 (a)(3). Hence, plaintiffs' procedural argument is unavailing.

**CONCLUSION**

Based on the foregoing, the Court reconsiders its Order of April 22, 2013 (Docket No. 19) and grants co-defendant US Airways leave to withdraw Admissions No. 7 and 12.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 6th day of September, 2013.

                                                                   S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                                                       JUAN M. PEREZ GIMENEZ
                                                                       UNITED STATES DISTRICT JUDGE