IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL PABÓN, SR., GABRIEL PABÓN, JR., ERIC J. PABÓN, MIGUEL A. PABÓN<br><br>Plaintiffs<br><br>v.<br><br>US AIRWAYS, ITS INSURANCE COMPANY, JOHN DOE, JANE AND THEIR CONJUGAL PARTNERSHIP, INSURANCE COMPANIES A, B,C<br><br>Defendants | CIVIL NO. 12-1695 (PG)<br><br><br>TORTS |

### ORDER

Plaintiffs filed the instant action on October 23, 2012. On November 20, 2012, plaintiffs notified defendant US Airways with a Request for Admissions to be responded within thirty days from notification. On February 27, 2013 plaintiffs filed the Motion for Summary Judgment that is currently before the Court (Docket No. 10). In their Motion, plaintiffs argued that defendants had not yet responded to the Request for Admissions and thus, the matters contained therein were deemed admitted. Relying on those admissions, plaintiffs argued that there was no genuine issue as to any material fact regarding defendants' acts of negligence that were the proximate cause of plaintiffs' injuries. Based upon defendants' failure to comply with Fed. R. Civ. P. 36(b), the Court deemed as admitted the matters contained in the Request for Admissions (Docket No. 19).

On May 2nd, 2013 defendants filed a Motion for Reconsideration (Docket No. 22) whereby they requested the withdrawal of Admissions No. 7 and 12 pursuant to Fed. R. Civ. P. 36(b), under which a matter admitted pursuant to Rule 36(a)(3)[1] is conclusively established unless the Court, at a party's request, allows the admission to be withdrawn or amended. On September 9, 2013, the Court granted defendant's request (Docket No. 36).

Consequently, plaintiffs can no longer claim, as they did in their Motion for Summary Judgment, that the allegations of negligence founded on the matters contained in the request for admissions are uncontested only by virtue of their admission under Fed. R. Civ. Proc. 36(a)(3). Because the Court allowed the withdrawal of Admissions No. 7 and 12, the analysis must now turn to whether the record supports a

---

[1] Rule 36(a)(3) establishes that a matter contained in a Request for Admission is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

conclusion that material issues of facts regarding the negligence claims upon which plaintiffs base their request for summary disposition.

A motion for summary judgment is governed by Fed. R. Civ. P. 56(c), which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.2004).

To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, see DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997), through definite and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990) (citations omitted). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir.2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). However, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

A review of the record shows that there are genuine issues of material facts that preclude summary disposition of the action at this juncture. The crux of the case, as framed by the parties, is whether defendants negligently failed to provide plaintiff María García ("García") with the proper assistance while she was under their care and custody at the Luis Muñoz Marín International Airport ("LMM Airport"). Plaintiffs' Statement of Uncontested Facts ("SUF") indicates that Ms. García was "instructed" to step down of the "golf-cart like vehicle" where she was being transported across the LMM airport when she arrived to a revolving door located at the exit of the airport. See SUF at ¶3(f), Docket No. 10-2. Plaintiffs further assert that Ms. García was "instructed to cross the revolving door on her own two feet" by the personnel who was transporting her. See SUF at ¶3(g), Docket No. 10-2.

Nevertheless, defendants refute such factual assertions and rely on the sworn testimony of Mr. Miguel Pabón ("Pabón"), a family member who was present at the time of the incident, to paint a different picture of the events that give rise to the Complaint. In their Motion for Reconsideration, defendants

contend that the personnel that transported Ms. Garcia did not impart specific instructions requiring her to step off the vehicle and to cross the revolving door on her own. See Docket No. 22.

Thus, defendants raised a factual dispute that is both genuine and material to the controversy. Faced with material factual controversies as to essential elements of the claims, the Court is precluded from granting summary judgment. Thus, plaintiffs' Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of September, 2013.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PEREZ GIMENEZ
UNITED STATES DISTRICT JUDGE